JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURI DOERING,<br><br>          Plaintiff,<br><br>    v.<br><br>DELTA 9 THC, LLC, et al.,<br><br>          Defendants. | Case No. 2:25-cv-08311-JC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER |

## I.    BACKGROUND

On September 3, 2025, Plaintiff Yuri Doering ("Plaintiff"), who is represented by counsel, filed a Complaint against Defendants Delta 9 THC, LLC ("Delta"), Kevin P. Harshberger, Trustee of the Harshberger Family Trust ("Harshberger"), and unnamed Doe Defendants 1-10. (Docket No. 1). On October 6, 2025, Plaintiff filed Proofs of Service, indicating Delta and Harshberger were served on October 2, 2025 and October 1, 2025, respectively. (Docket Nos. 9, 10). Defendants responses to the Complaint were thus due by October 23, 2025 and October 22, 2025, respectively. See Fed. R. Civ. P. 4(e)(2)(A), 12(a)(1)(A)(i).

///

On October 23 and 27, 2025, Plaintiff filed a Request for Entry of Default as to Defendant Harshberger (Docket Nos. 12, 14), but before the Clerk acted on such request, Plaintiff and Defendant Harshberger filed a Stipulation to Set Aside Entry of Default ("Stipulation") (Docket No. 16) on October 29, 2025. On November 5, 2025, the Court denied the Stipulation as moot because the Clerk had never entered Defendant Harshberger's default but, in light of the substance of the Stipulation, deemed Plaintiff's Request for Entry of Default withdrawn and reset Defendants' deadline to file a response to the Complaint to December 5, 2025. Such deadline has since expired with no action by any party. No response to the Complaint has been filed. Defendants have not requested a further extension of time to file a responsive pleading. No request for the entry of default has since been filed.

On December 17, 2025, by which date neither Defendant had filed a response to the Complaint and Plaintiff had not requested the entry of default against either Defendant, the Court ordered Plaintiff to show cause in writing by no later than December 29, 2025, why this action should not be dismissed for failure to prosecute ("OSC"). (Docket No. 22). The OSC cautioned that Plaintiff's failure timely to file a response to the OSC and/or to show good cause might result in the dismissal of this case based on Plaintiff's lack of prosecution and/or failure to comply with this OSC.

Plaintiff has not taken any other action in this case, and the time to respond to the Court's OSC has expired.

**II. DISCUSSION**

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citation omitted). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted), cert. denied, 538 U.S. 909 (2003). Having considered the Pagtalunan factors, the Court is persuaded that this action should be dismissed for failure to comply with a court order – the OSC – and failure to prosecute. Plaintiff's failure to seek entry of default or to take any other action hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action.

With regard to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." Pagtalunan, 291 F.3d at 642 (citation omitted). In other words, Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted). As to the third factor, an unreasonable delay creates a presumption of prejudice. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). With regard to the fourth factor, the Court notes it has attempted less drastic alternatives to no avail. The Court issued an OSC why this case should not be dismissed for failure to prosecute. Plaintiff did not respond to the OSC. Thus, it does not appear to the Court that less drastic sanctions are available. Finally, as to the fifth factor, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." Ewing v. Ruano, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, it is a plaintiff's responsibility to move a case toward a merits disposition. See Morris v. Morgan

Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff's failure timely to prosecute this case, including his failure to seek default or take other action after Defendants failed to file timely responses to the Complaint, decreases the weight of the public policy favoring disposition on the merits.  See Yong Koo v. Portillo, 2020 WL 10313717, at *1 (C.D. Cal. Jan. 21, 2020) (dismissing action with prejudice for lack of prosecution and failure to comply with court orders when the plaintiff failed to file a motion for default judgment by court's deadline); Kyu Hwa Back v. Jose Gonzalez, 2020 WL 4018813, at *2 (C.D. Cal. Feb. 18, 2020) (dismissing case without prejudice for same).  The Court finds, therefore, that this factor is neutral and does not preclude dismissal.

### III.   CONCLUSION

On balance, the Court finds the relevant factors weigh in favor of dismissal.  This case is therefore DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with a Court order.

IT IS SO ORDERED.

DATED:  December 31, 2025

                              /s/
                      Honorable Jacqueline Chooljian
                      UNITED STATES MAGISTRATE JUDGE